# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL L. McLAUGHLIN, PLAINTIFF | : : : | CIVIL ACTION - LAW |
| v. | : : | |
| LOCK HAVEN UNIVERSITY, DEFENDANT | : : : | DOCKET NO.: |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Angel L. McLaughlin ("Plaintiff") brings this lawsuit against Lock Haven University ("Defendant"), seeking all available relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et. seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. On May 13, 2016, Plaintiff dual-filed with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") the attached Employment Discrimination Questionnaire, alleging inter alia, that Defendant subjected her to sexual harassment and discrimination based on her sex and constructively terminated her employment in violation of the anti-discrimination provisions of Title VII and the PHRA (Exhibit A).

2. On May 17, 2017, the PHRC issued to Plaintiff the attached "Notice of Right to Sue" letter to Plaintiff (Exhibit B).

3. On April 11, 2018, the U.S. Department of Justice Civil Rights Division issued the attached "Notice of Right to Sue letter to Plaintiff" (Exhibit C).

4. Based on the above, Plaintiff has exhausted her administrative remedies and satisfied all prerequisites to suit.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff is an individual residing in Williamsport, Pennsylvania.

8. Defendant is a public university within the Pennsylvania State System of Higher Education, with its main campus located at 401 North Fairview Street, Lock Haven, Pennsylvania, and with another campus location in Clearfield, Pennsylvania.

## FACTUAL ALLEGATIONS

9. Defendant has more than 50 employees. In fact, according to Defendant's website, it employs five hundred and two (502) people full-time.

10. From December 22, 2014 until August 3, 2016, Plaintiff was employed as a Lock Haven University Police Patrol Officer.

11. Throughout her employment, Plaintiff diligently and competently performed her job duties.

12. Throughout her employment, Officer Adrian J. Poux, an employee of Defendant, subjected Plaintiff to a severe and pervasive pattern of sexually offensive and threatening conduct, unwanted sexual advances, inappropriate touching, and lewd and sexual comments. For example, Officer Poux would brush his body and/or hands against Plaintiff while she was on the computer, comment on Plaintiff's appearance, state that she would become his "future wife" and "future ex-wife," and ask her for details of her personal and sexual life.

13. The conduct described in paragraph 12 was based on Plaintiff's sex; but not for Plaintiff's sex she would not have been subjected to such conduct.

14. The conduct described in paragraph 12 was pervasive and ongoing.

15. The conduct described in paragraph 12 detrimentally affected Plaintiff by, inter alia, causing her extreme emotional distress.

16. The conduct described in paragraph 12 would detrimentally affect any reasonable female employee.

17. The conduct described in paragraph 12 resulted in a hostile work environment for the Plaintiff.

18. On several occasions, Mr. Poux touched Plaintiff inappropriately on areas such as her shoulders, back, and breasts.

19. On numerous occasions, Plaintiff complained about Officer Adrian J. Poux's conduct to her immediate supervisors and upper management of Defendant's police department. However, none of Plaintiff's immediate supervisors or upper management of Defendant took sufficient steps to prevent Adrian J. Poux's continued harassment of Plaintiff.

20. Shortly before April 24, 2016, Officer Poux was placed into a supervisory role at the LHU Police Department by Defendant.

21. On April 24, 2016, Plaintiff was verbally assaulted by Adrian J. Poux, who screamed at her and backed her into a corner. After verbally assaulting Plaintiff, Adrian J. Poux directed Plaintiff to get into a squad car with him alone, which for fear of her safety, she refused to do, as she was in fear of physical harm and/or further sexually harassing or assaulting conduct by Poux.

22. On April 26, 2016, Plaintiff presented a written sexual harassment complaint to Defendant's Human Resources Associate, whose name is unknown.

23. Defendant took no action against Adrian Poux after Plaintiff's complaint was presented to Human Resources.

24. On or about July of 2016, Plaintiff was suspended by Chief Paul Alteri for two weeks without pay for alleged insubordination stemming from Plaintiff refusing to get into a squad car alone with Officer Poux for fear of her safety.

25. On August 3, 2016, Plaintiff was no longer able to tolerate the continued harassing behavior of Adrian J. Poux. Plaintiff was forced to resign from her employment.

26. At the time Plaintiff submitted her resignation, she requested to keep possession of her vest.

27. To illustrate the harassment and retaliation that Plaintiff had to endure, Plaintiff was told by Chief Paul Alteri that she was not permitted to keep her vest because he wanted to "take it to the range and shoot it," showing his direct animosity toward her for reporting Officer Poux's sexual harassment.

28. As a result of the hostile work environment and constructive discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss including, inter alia, lost past and future earnings benefits.

29. As an employee of Defendant Lock Haven University, Plaintiff was entitled to free and/or reduced tuition for her children. Plaintiff had one child who had planned to attend Lock Haven University.

## COUNT I
**(Alleging Violations of Title VII)**

30. Plaintiff repeats and asserts the allegations set forth in paragraphs 1 through 55 as though fully stated herein.

31. Title VII prohibits employers from discriminating against employees based on sex, and, as such, prohibits employers from subjecting employees to a hostile work environment based on sex.

32. Plaintiff is a covered employee entitled to Title VII protections.

33. Defendant is an employer covered by Title VII.

34. Defendant violated Title VII by subjecting Plaintiff to a hostile work environment that was motivated entirely by Plaintiff's sex.

35. Defendant violated Title VII by constructively terminating employee's employment.

36. As a result of the hostile work environment and constructive discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

37. As an employee of Defendant Lock Haven University, Plaintiff was entitled to free and/or reduced tuition for her children. Plaintiff had one child who had planned to attend Lock Haven University.

## COUNT II
### (Alleging Violations of the PHRA)

38. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 55 as though fully stated herein.

39. The PHRA prohibits employers from discriminating against employees based on sex, and, as such, prohibits employers from subjecting employees to a hostile work environment based on sex.

40. Plaintiff is a covered employee entitled to the PHRA's protections.

41. Defendant is an employer covered by the PHRA.

42. Defendant violated the PHRA by subjecting Plaintiff to a hostile work environment that was motivated entirely by Plaintiff's sex.

43. Defendant violated the PHRA by constructively terminating Plaintiff's employment.

44. As a result of the hostile work environment and constructive discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

45. As an employee of Defendant Lock Haven University, Plaintiff was entitled to free and/or reduced tuition for her children. Plaintiff had one child who had planned to attend Lock Haven University.

## COUNT III
**(Alleging Violations of 43 P.S. 955 (d), Retaliation)**

46. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 through 55 as though fully stated herein.

47. Employers are prohibited, in 43 P.S. 955 (d), from discriminating in any manner against an individual because such individual has opposed any practice forbidden by the Act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding, or hearing under the Act.

48. Defendant violated 43 P.S. 955 (d) by forcing Plaintiff to continue to work with Officer Poux after her sexual harassment complaint was made to Human Resources.

49. After Plaintiff reported Officer Poux for sexual harassment, the Defendant, through its officers, continuously reprimanded Plaintiff, wrote up Plaintiff for alleged violations of policy, and eventually forced Plaintiff to resign when Plaintiff's actions were legally appropriate and she had not received reprimands or write-ups previously for her same or similar conduct, and other officers were not being reprimanded for the same or similar conduct, including Officer Poux.

50. Defendant violated 43 P.S. 955 (d) by suspending Plaintiff for two weeks without pay.

51. Defendant violated 43 P.S. 955 (d) by refusing to allow Plaintiff to keep her vest for the sole purpose that the Chief wanted to shoot it.

52. Defendant continuously violated the 43 P.S. 955 (d) by having Plaintiff written up and/or reprimanded or causing her to rewrite reports when Plaintiff prior to the making of the sexual harassment complaints against Officer Poux did not receive such write ups, warnings, and/or reprimands.

53.	In addition, when Plaintiff went to the human resources department for the Defendant University, she was told that she had to make a written complaint, that verbal wasn't sufficient, this being despite the language in the Defendant's own employee handbook stating that verbal complaints of sexual harassment could be made.

54.	As a result of the hostile work environment and constructive discharge described above, Plaintiff has suffered emotional injury, psychological injury, and financial loss, including, inter alia, lost past and future earnings and benefits.

55.	As an employee of Defendant Lock Haven University, Plaintiff was entitled to free and/or reduced tuition for her children. Plaintiff had one child who had planned to attend Lock Haven University.

# **PRAYER FOR RELIEF**

**Wherefore,** Plaintiff seeks the following relief:

**A.**     Compensatory damages including compensation for pain and suffering, as well as emotional and psychological injury, to the fullest extent permitted by law;

**B.**     Recovery of all past and future lost wages, fringe benefits and out-of-pocket expenditures;

**C.**     Recovery of tuition costs for her child who would have attended Lock Haven University at free and/or reduced tuition rates.

**D.**     Punitive damages, monetary penalties and prejudgment interest to the fullest extent permitted under the law;

**E.**     Litigation costs, expenses and attorney's fees to the fullest extent permitted under the law; and

**F.**     Such other and further relief as this Court deems just and proper.

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL L. McLAUGHLIN, | : | CIVIL ACTION - LAW |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | DOCKET NO.: |
| LOCK HAVEN UNIVERSITY, | : | |
| DEFENDANT | : | |
| | : | JURY TRIAL DEMANDED |

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial as to all claims so triable.

    Respectfully Submitted,
    LEPLEY, ENGELMAN & YAW, LLC


    /s/Douglas N. Engelman, Esq.
    Douglas N. Engelman, Esq.
    ID#34839
    140 East Third Street
    Williamsport, PA 17701
    570-323-3768 (telephone)
    570-323-6191 (facsimile)
    Attorney for Plaintiff